UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 23-CR-2174-CAB |
|---|---|
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| ERICKA ALDANA, | |
| Defendant. | |

Upon application of both parties for good cause shown, the Court hereby enters a Protective Order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure with regard to certain records regarding the prosecution of third-party individuals, which includes investigatory materials such as phone downloads, reports of investigations, and documents containing personal identifiable information (hereinafter the "Protected Materials") as described in the Joint Motion for a Protective Order:

1. That the Protected Materials contain personally identifiable information and/or law enforcement sensitive information regarding third-party individuals.

2. The Protected Materials are for the exclusive use of defense counsel who are either assigned to or consulting on this case, any investigators, interpreters, experts, paralegals, legal assistants, or law clerks assisting counsel in this case ("the Defense"). Defense counsel may share the Protected Materials with other members of the Defense provided that defense counsel informs any such individual(s) of this Order and obtains his/her written agreement to be bound by its terms.

3. The parties agree that the Defense may review the Protected Materials with the defendant only in the presence of a member of the Defense and may not provide a copy of the Protected Materials to or leave a copy of the Protected Materials with the defendant. The defendant may not retain copies of the Protected Materials in any form, including but not limited to notes or photographs concerning the contents of the Protected Materials.

4. Any Protected Materials that were previously filed under seal are unsealed for the limited purpose of allowing the United States to provide them to the Defense in discovery.

5. That if, in the course of preparing the defense in this case, any member of the Defense needs to disclose discovery materials to any person outside of the Defense (such as to a third-party witness), counsel of record must obtain prior written authorization from the Court, with such authorization to require that any such person to whom the Protected Materials are disclosed agree to be bound by the terms of the Protective Order, that the Protected Materials be only shown to, and not left with, such person, and that the Protected Materials remain in the custody and control of the Defense.

6. That the Protected Materials are provided to the Defense for purposes of investigating, preparing for trial, trial, and any appeals of this matter and for no other purpose. The parties further agree that the Protected Materials produced by the United States may not be copied or further disseminated in any way to any other person or entity who is not part of the Defense.

7. That the Defense take all reasonable steps to (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from inadvertent disclosure or review by any third party.

8. The Defense may show witnesses discovery materials as necessary for the preparation of the defense, but may not give copies or the materials to witnesses absent further Order of the Court.

9.   That the Defense agrees to return to the United States or destroy any and all copies of the Protected Materials within 60 days of the conclusion of proceedings in the above-referenced case, including any appeal.

10.   That the parties abide by Fed. R. Crim. P. 16(d) and 49.1(e) along with General Order No. 514 of the United States District Court for the Southern District of California, which, among other things, requires that any filings referencing or containing an individual's personal information must be redacted in a manner consistent with said General Order.

11.   That the parties agree that any court filings containing any part of the Protected Materials shall be redacted or filed under seal subject to the approval of the Court.

12.   If defense counsel withdraws or is disqualified from participation in this case, the Defense shall return any discovery produced pursuant to the Order to the United States within 14 days.

IT IS SO ORDERED.

DATED: December 6, 2023

_____
HON. CATHY ANN BENCIVENGO
UNITED STATES DISTRICT JUDGE